IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN JOY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  1:21-cv-1190-STA-jay |
| | ) | |
| TYLER BURCHYETT ET AL., | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

REPORT AND RECOMMENDATION DENYING MOTION
FOR TEMPORARY RESTRAINING ORDER
AND/OR PRELIMINARY INJUNCTION

On March 24, 2022, Plaintiff Jonathan Joy ("Plaintiff"), who is currently proceeding *pro se*, filed a Motion for Temporary Restraining Order and/or Preliminary Injunction. (Docket Entry "D.E." 10.) Defendant Larry McKenzie ("Defendant") filed a response in opposition. (D.E. 12.) This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05). For the reasons set forth below, the Magistrate Judge recommends Plaintiff's motion be **DENIED**.

### I.  PROPOSED FINDINGS OF FACT

This action stems from Plaintiff's *pro se* complaint which alleges that Defendant, Assistant District Attorney Tyler Burchyett, violated 42 U.S.C § 1983 by making a false representation to the Defendant, Chester Country General Sessions Judge Larry McKenzie, that the Plaintiff failed to pay his child support. (D.E. 1.) Plaintiff stated that he included Defendant McKenzie because he "went along with" Defendant Burchyett's misrepresentation. (*Id.*) Specifically, Plaintiff

1

alleged violations of his 14th Amendment rights to due process and right to equal protection of the law. (*Id.*)

Plaintiff now seeks a temporary restraining order or a preliminary injunction precluding state child support proceedings until the resolution of this instant matter. (D.E. 10.) Alternatively, Plaintiff seeks an order to stay these court proceedings. (*Id.*)

## II.     PROPOSED CONCLUSIONS

The factors considered to determine whether to issue a preliminary injunction order "are (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay." *Northeast Ohio Coalition for the Homeless & Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). "These four considerations are factors to be balanced, not prerequisites that must be met." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (quoting *Univ. of Tx. v. Camenisch*, 451 U.S. 390, 395, (1981)) (internal quotation marks omitted). "No one factor is dispositive; instead[,] the court must balance all four factors." *Thomas v. Schroer*, No.2:13-cv-02987-JPM-cgc, 2015 U.S. Dist. LEXIS 179713 at *5 (W.D. Tenn. Oct. 29, 2015) (citing *In re De Lorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)). "The burden of persuasion is on the party seeking the injunctive relief." *Id.* (citing) Stenberg v. Cheker Oil Co., 573 F.2d 921, 925 (6th Cir. 1978). A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries her burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566 (6th Cir. 2022).

### A.     **Irreparable Injury**

A court must determine whether a plaintiff will suffer irreparable injury if the preliminary injunction or a temporary restraining order is not issued.  *See Cunningham v. First Class Vacations*, Inc., No. 3:16-CV-2285, 2019 U.S. Dist. LEXIS 5655, at *1 (M.D. Tenn. Jan. 11, 2019) ("When determining whether to issue a [temporary restraining order], a threat of immediate, irreparable harm must be present." (citing Fed. R. Civ. P. 65(b)(1)(A))).  Plaintiff argues that the "failure to maintain impartiality throughout the administration of due process presents a substantial risk of irreparable harm to the Plaintiff in numerous regards including having their rights adjudicated upon with bias and conflict of interest . . ."  (D.E. 10.)  Defendant McKenzie argues that Plaintiff has not demonstrated that he will suffer any irreparable harm if the preliminary injunction is not issued as he has not proffered any facts in support of this assertion.  (D.E. 12.)

The Sixth Circuit has described this factor as "indispensable" for "if the plaintiff [is not] facing imminent and irreparable injury, there [is] no need to grant relief now as opposed to at the end of the lawsuit."  *D.T. v. Sumner Cty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019).  A district court is "well within its province" when it denies a preliminary injunction based on the lack of an irreparable injury.  *Sumner Cty. Schs.*, 942 F.3d at 327.  To merit a preliminary injunction, an injury "must be both certain and immediate," not "speculative or theoretical."  *Id.*  A party seeking an injunction from a federal court must invariably show that it does not have an adequate remedy at law.  *N. Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306 (1984).  An injury that can be cured by an award of monetary damages fails to qualify as irreparable harm at the preliminary injunction stage.  *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992).

Here, Plaintiff asserts that the irreparable harm to be suffered is Judge McKenzie's lack of partiality "throughout the administration of due process," and, as such, his rights will be

3

adjudicated upon "with bias and conflict of interest." (D.E. 10.) However, Plaintiff fails to provide any support that Judge McKenzie may be impartial, bias, or have a conflict of interest. Therefore, the alleged harm is speculative, and speculative harms do not satisfy the irreparable injury requirement. In sum, Plaintiff has not established a threat of irreparable harm necessary to obtain a temporary restraining order.

### B.    Likelihood of Success on the Merits

As previously noted, to issue a preliminary injunction, the movant must show a strong likelihood of success on the merits. Plaintiff argues that he has a strong likelihood of success because "the misrepresentations and abuses of state court processes constitute a civil action for deprivation of rights pursuant to § 1983 thereby warranting relief in favor of the Plaintiff." (D.E. 10.) Defendant argues that Plaintiff has not shown a strong likelihood of success on the merits because Defendant Judge McKenzie has absolute judicial immunity. (D.E. 12.)

Section 1983 subjects every person acting under color of state law to liability for the deprivation of any other person's rights, privileges, or immunities secured by the federal Constitution. *Balas v. Leishman-Donaldson*, 976 F.2d 733 (6th Cir. 1992). However, § 1983 does not abolish common law immunities and has, in fact, incorporated absolute judicial immunity. *Watts v. Burkhart*, 978 F.2d 269, 278 (6th Cir. 1992). "The 1996 amendment to 42 U.S.C. § 1983 markedly limits a litigant's ability to obtain injunctive relief against a judge, and as a result, various Sixth Circuit courts have dismissed § 1983 claims against state court judges based on judicial immunity." *Brown v. Craft*, No. 17-2938-SMH-dkv, 2018 U.S. Dist. LEXIS 55860 at *6 (W.D. Tenn. Jan. 31, 2018); *see also Coleman v. Caruso*, 413 Fed. Appx. 866, 873 (6th Cir. 2011) (finding that § 1983 extends judicial immunity to suits for equitable or injunctive relief); *Rembert v. Fishburn*, No. 3:15-cv-9049, 2015 U.S. Dist. LEXIS 136839, 2015 WL 5842149, at *3 (M.D.

Tenn. Oct. 6, 2015) (granting judicial immunity and finding that plaintiff was not entitled to injunctive relief against the judge); *Muhammad v. Paruk*, 553 F. Supp. 2d 893, 899 (E.D. Mich. 2008) (finding that judge was not subject to injunctive relief under § 1983 because he acted in his judicial capacity in deciding not to allow Muhammad to testify while wearing a veil). A plaintiff can overcome judicial immunity in only two circumstances: "First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Savoie v. Martin*, 673 F.3d 488, 492 (6th Cir. 2012).

Here, Defendant Judge McKenzie acted in a judicial capacity in ordering and enforcing a child support order because Tennessee Code Annotated § 37-1-104 provides a General Sessions Court Judge jurisdiction to do so. Because the action taken by Judge McKenzie was in his judicial capacity and within his jurisdiction, Judge McKenzie is entitled to absolute judicial immunity.

Additionally, "federal courts often abstain from handling such matters . . . when a Plaintiff seeks to enjoin the state proceedings." *Bleavins v. O'Neal*, No. 2:22-cv-02178-TLP-cgc, 2022 U.S. Dist. LEXIS 53133, at *12 (W.D. Tenn. Mar. 24, 2022); *see also Younger v. Harris*, 401 U.S. 37, 45 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."). "The Younger [doctrine] requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state court proceedings." *Id.* (citing *Muhammad*, 553 F. Supp.2d at 897). The Sixth Circuit employs a three-factor test to determine whether the Younger doctrine applies—(1) whether the state proceeding constitutes an ongoing judicial proceeding; (2) whether the state proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. *See Squire v. Coughlan*, 469 F.3d 551,

5

555 (6th Cir. 2006). The Magistrate finds that all *Younger* factors weigh in favor of abstention. First, Plaintiff states that he is seeking a prevention "from [Defendants] proceeding with the State Court actions until the instant matter . . . is resolved." (D.E. 10.) Thus, the child support proceedings, as stated in Plaintiff's motion, are presumably ongoing. Additionally, abstention is appropriate because the state court proceedings implicate the important state interest of child support matters and Plaintiff is still afforded an adequate opportunity in the child support proceedings to raise a constitutional challenge. *See Johnson v. Turner*, 855 F. Supp. 228 (W.D. Tenn. 1994) (holding that the abstention doctrine applied to prevent the court from addressing constitutional challenges to state statutes underlying arrests of fathers for failure to pay state-ordered child support because they could either appeal or bring habeas corpus petitions in state court). Abstention is appropriate and an additional basis for Plaintiff's lack of showing a strong likelihood of success on the merits.

        **C.**        **Substantial Harm to Others**

A court must also determine whether the issuance of the injunction would cause substantial harm to others. Plaintiff argues that Defendant McKenzie "will not be affected in the least through the issuance of a temporary restraining order staying the state court proceedings pending the full and final resolution of the instant matter because the state court matter is of no personal consequence to the Defendants involved where as it is of critical personal consequence to the Plaintiff who has raised substantial claims as to the legitimacy of the due process and deserves to have those issued decided on prior to the pending of any potentially illegitimate processes by the Defendants in the instant matter." (D.E. 10.) Defendant asserts that the issuance would cause substantial harm to the parent and child/children receiving child support from Plaintiff. (D.E. 12.) This argument is well-taken. If such proceedings are stayed, it may result in a delay of Plaintiff's

6

child support payment obligations and, in turn, result in substantial harm to the welfare of a child/children and the receiving parent charged with providing for said child/children.

### D.     Public Interest

Lastly, a court must examine whether the public interest would be served by issuing a preliminary injunction. Plaintiff asserts that "public policy favors preliminary injunctive relief in cases where there is irreparable harm and likelihood for success on the merits as well as the balance of harms favoring the Petitioning Party; and that the due processes violations are prejudicial in the instant matter which would also cause further prejudice to the Plaintiff if they were furthered pending the full and final resolution of the instant matter and satisfies this element warranting the instant temporary order requested herein or, in the alternative, an order staying the State Court proceedings pending the full and final adjudication of the instant matter." (D.E. 10.) However, Defendant argues that public policy would not be served because it weighs in favor of expeditiously resolving child support disputes. (D.E. 12.)

This argument is well-taken. "The Court recognizes that "the public policy of [Tennessee] strongly favors the enforcement of court orders, particularly when the welfare of children is involved." *Aetna Life Ins. Co. v. Bell*, No. 3:06-0126, 2007 U.S. Dist. LEXIS 37055 (citing *Holt v. Holt*, 995 S.W.2d 68, 77 (Tenn. 1999)). Additionally, public policy supports absolute immunity for judges whose actions are taken in their judicial capacity. *See McPherson v. Kelsey*, 125 F.3d 989 (6th Cir. 1997) (holding that judges have long been held to be absolute immune from being sued on account of their judicial acts). Thus, it would not serve the public interest to permit parents to bring actions against judges serving in their judicial capacity and delay child support proceedings. Because Plaintiff has failed to meet his burden of proving circumstances that clearly demand a temporary restraining order or preliminary injunction, the undersigned

**RECOMMENDS** that his motion be **DENIED**.

### III. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Motion for a Temporary Restraining Order and/or a Preliminary Injunction be **DENIED**.

Respectfully submitted this 5th day of July, 2022.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**