IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JONATHAN JOY,

   Plaintiff,

vs.                                       No. 1:21-cv-01190-STA-jay

TYLER BURCHYETT
and
LARRY MCKENZIE,

   Defendants.

---

### REPORT AND RECOMMENDATION
---

On November 19, 2021 Plaintiff Jonathan Joy filed this Complaint against Defendant Tyler Burchyett and Defendant Larry McKenzie. Docket Entry "D.E." 1. The Complaint was accompanied by a Motion for Leave to Proceed In Forma Pauperis. D.E. 2. A corrected Motion was filed on December 10, 2021, which the Court granted on December 14, 2021. D.E. 7; D.E. 8. This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

The Court is required to conduct a screening of the Complaint because Plaintiff sought and received in forma pauperis status. 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge is aware of several pending motions in this case, but submits this Report and Recommendation for consideration prior to reviewing those motions. D.E. 13; D.E. 17. Because the named Defendants enjoy immunity as to Plaintiff's federal law causes of action, and there is a lack of jurisdiction

1

over any of Plaintiff's potential state law claims, the Magistrate Judge **RECOMMENDS DISMISSAL** of all Plaintiff's claims.

## I. PLAINTIFF'S COMPLAINT

Plaintiff brings this action against two Defendants. Defendant Burchyett is an Assistant District Attorney in Hardeman County, Tennessee. D.E. 1 at 2. Defendant McKenzie is a Judge in Henderson, Chester County, Tennessee. D.E. 1 at 2.[1]

The Complaint alleges 42 U.S.C. § 1983 violations in which Defendants deprived Plaintiff of his 14th Amendment rights to Due Process and Equal Protection. D.E. 1 at 3. Plaintiff also appears to allege two state causes of action: fraudulent representation and malicious prosecution.[2] D.E. 1 at 4. The facts provided in the Complaint establish that these alleged injuries took place at a judicial proceeding in Tennessee state court regarding Plaintiff's failure to meet his child support payment obligations. D.E. 1 at 4.

## II. SCREENING STANDARDS

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action:

    (i)     is frivolous or malicious;
    (ii)    fails to state a claim on which relief may be granted; or
    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[1] Plaintiff's Complaint shows Judge McKenzie as a Henderson County judicial official. D.E. 1 at 2. The Court takes judicial notice of the fact that Judge McKenzie is a Chester County judicial official, seated in Henderson, Tennessee.
[2] Although Plaintiff styles the first state cause of action as "fraudulent representation," the Court presumes Plaintiff intended to assert a cause of action for fraudulent misrepresentation. D.E. 1 at 4.

544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990).

### III. ANALYSIS

#### A. IMMUNITY

Plaintiff's two named Defendants enjoy immunity such that the federal claims raised against them cannot proceed. Defendant Burchyett enjoys prosecutorial immunity, while Defendant McKenzie enjoys judicial immunity.

Prosecutorial immunity protects Defendant Burchyett against money damages because "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Prosecutorial immunity is not limited to criminal actions, but civil actions as well. *Red Zone 12 LLC v. City of Columbus*, 758 ed. Appx. 508, 513 (6th Cir. 2019). "In determining whether an official is entitled to prosecutorial immunity, this court employs a 'functional approach' and looks to the

'nature of the function performed, not the identity of the actor who performed it.'" *Id.* (quoting *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000) (internal citations omitted)). If the function performed is "intimately associated with the judicial" process, then the state attorney is immune from suit. *Red Zone*, 758 Fed. Appx. at 513. Moreover, "bad motives do not void the protections of prosecutorial immunity." *Id.* at 514 (citing *Imbler*, 424 U.S. at 413).

Here, Plaintiff's factual allegations entitle Defendant Burchyett to prosecutorial immunity. Plaintiff alleges that the complained of conduct took place in a courtroom, during a judicial proceeding, while Defendant Burchyett acted as advocate for the State. Plaintiff provides absolutely no set of facts upon which the Court can find that Defendant Burchyett was not acting within a judicial process.

And yet Plaintiff appears to allege that Defendant Burchyett's assertions in court were made in bad faith. D.E. 1 at 4. But bad faith will not strip a prosecutor of their immunity. *Id.* Because the function performed was "intimately associated with the judicial" process of enforcing child support payments within the State of Tennessee, Defendant Burchyett is entitled to prosecutorial immunity. *Id* at 513.

Defendant McKenzie is entitled to judicial immunity. Judicial immunity is an absolute immunity against money damages. *Wilson v. Todd*, 178 F. Supp. 2d 925, 928–29 (W.D. Tenn. 2001). Absolute judicial immunity can only be overcome in two situations: (1) where the conduct giving rise to the claim occurs when the defendant is not acting as a judge and (2) when the conduct is judicial in nature, but the court lacked all subject matter jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). But, the immunity applies "even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The appropriate manner to address judicial errors is on appeal, not through litigation. *Pierson*, 386

U.S. at 554. In short, when a judge has jurisdiction over a case the judge is immune from suit—even when the case is wrongly decided. *Id.*

Plaintiff's Complaint acknowledges that Defendant McKenzie's alleged wrongful conduct took place while acting within his judicial capacity in state court. D.E. 1 at 4. Thus, the first exception to judicial immunity does not apply. But Plaintiff's Complaint is completely devoid of any facts to support the second exception: that Defendant McKenzie was without jurisdiction to hear the state case. Plaintiff's only mention of Defendant McKenzie is that he "went along with" the assertions made by Defendant Burchyett in state court. D.E. 1 at 4.

These facts are insufficient grounds to deny Defendant McKenzie judicial immunity. Because Plaintiff failed to make a showing that either Defendant McKenzie was not acting in his judicial capacity, or that the court lacked jurisdiction to hear the underlying state case, Defendant McKenzie is immune from suit.

### B. LACK OF JURISDICTION

Although Plaintiff styles his Complaint as a § 1983 action, he also attempts to assert two state law claims: fraudulent representation and malicious prosecution. D.E. 1 at 4.[3] Because the aforementioned § 1983 claims cannot survive, the Court should decline to exercise its supplemental jurisdiction over Plaintiff's state law claims.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Litigants must establish that the court has subject matter jurisdiction over their claims through federal question jurisdiction, diversity jurisdiction, or supplemental jurisdiction. 28 U.S.C. § 1331–1332; 28 U.S.C. § 1367. Federal question jurisdiction is present when a party asserts a cause of action arising under the United States Constitution or a federal statute. 28 U.S.C. § 1331. Diversity jurisdiction is present when there is "complete diversity [of

---

[3] See footnote 3.

citizenship] between all plaintiffs and all defendants" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005). A party's citizenship is determined by their domicile. *Stifel v. Hopkins*, 477 F.2d 1116, 11260 (6th Cir. 1973).

  Finally, a federal court may exercise supplemental jurisdiction over claims it does not otherwise have jurisdiction to hear independently. *Exxon Mobil Corp. v. Allapattah Servs*., 545 U.S. 546, 559 (2005). Supplemental jurisdiction is available where there is at least one claim over which the court has subject matter jurisdiction and the supplemental claim constitutes part of the same "case or controversy." 28 U.S.C. § 1367(a). The court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where a federal court dismisses the underlying federal law claims, the court "should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Retaining jurisdiction over state law claims once the federal claims are dismissed "should be exercised only in cases where the 'interests of judicial economy and the avoidance of multiplicity of litigation' outweigh . . . concern[s] over 'needlessly deciding state law issues.'" *Moon*, 465 F.3d at 728 (quoting *Landefeld v. Marion Gen. Hosp., Inc*., 994 F.2d 1178, 1182 (6th Cir. 1993).

  Plaintiff's two state law claims are based upon Tennessee state common law and do not arise under the United States Constitution or federal statute, thus Plaintiff may not avail himself of federal jurisdiction for these claims. Plaintiff also may not avail himself of diversity jurisdiction for these claims. Plaintiff listed his residence in Tennessee and asserts that both Defendants Burchyett and McKenzie are also located in Tennessee. Although residence alone is not generally sufficient to establish domicile, there are no facts to support that Plaintiff or

Defendants are domiciled elsewhere. Absent additional facts, Plaintiff has failed to establish diversity among the parties.

The only jurisdiction possibility remaining is the Court's supplemental jurisdiction. However, as the undersigned recommends that Plaintiff's claims brought pursuant to § 1983 be dismissed, the Court should decline to exercise supplemental jurisdiction over the apparent remaining state law claims pursuant to § 1367(c)(3). This is because the underlying federal claims should be dismissed. *See Moon*, 465 F.3d at 728.

### IV.  CONCLUSION

The undersigned **RECOMMENDS** that Plaintiff's § 1983 claims be **DISMISSED** because the named Defendants are protected by prosecutorial and judicial immunity. The undersigned also **RECOMMENDS** that any remaining state law claims Plaintiff intended to raise should also be **DISMISSED WITHOUT PREJUDICE.**

Respectfully submitted this the 28th day of September, 2022.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**