# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JONATHAN JOY, | ) |
|     Plaintiff, | ) |
| v. | ) No. 1:21-cv-01190-STA-jay |
| TYLER BURCHYETT and LARRY MCKENZIE, | ) |
|     Defendants. | ) |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and Recommendation that the Court dismiss Plaintiff's Complaint (ECF No. 21) submitted on September 28, 2022. Plaintiff has filed objections (ECF No. 22). Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court **ADOPTS** the Report and Recommendation, and Plaintiff's complaint is **DISMISSED** without prejudice. All pending motions in this matter are hereby **DENIED** as moot.

## BACKGROUND

The following facts are stated for the purpose of deciding this Motion only.

Plaintiff's Complaint alleges as follows. Defendant Tyler Burchyett, an Assistant District Attorney with Tennessee's 25th Judicial District, stated in a Hardeman County juvenile court proceeding that Plaintiff Jonathan Joy failed to pay child support on May 1, 2021.[1] Plaintiff alleges

---

[1] It is unclear if Plaintiff means that the proceeding took place on May 1, 2021, or if his alleged failure to pay child support happened on that date.

1

this was a false representation that Burchyett made intentionally with intent to deceive and to cause Plaintiff harm.  Defendant Larry McKenzie, a judge in Chester County, Tennessee, "went along with this which is why they [sic] are in the complaint as well."[2]  It is unclear from Plaintiff's complaint, but Judge McKenzie is presumably the judge who presided over the juvenile court proceeding at issue.  Plaintiff further alleges that "the defendant intentionally withheld the date of the hearing specifically to deprive the plaintiff an opportunity to defend themselves [sic]."[3]

On November 19, 2021, Plaintiff filed a *pro se* complaint (ECF No. 1) along with a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2), alleging several causes of action, including "fraudulent representation and malicious prosecution" and violations of his Due Process rights and right to equal protection of the law under the Fourteenth Amendment, brought via 42 U.S.C. § 1983.  Plaintiff seeks compensatory and punitive damages totaling not less than $750,000, as well as declaratory and injunctive relief.

Plaintiff filed a corrected Motion for Leave to Proceed in Forma Pauperis on December 10, 2021 (ECF No. 7) and the Magistrate Judge granted that Motion (ECF No. 9).  Despite summons having never been issued, Plaintiff has filed several motions against Defendants, including a Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 10), a Motion for Entry of Default against Defendant Burchyett (ECF No. 14),[4] which was denied (ECF No. 16), and a subsequent Motion for Default Judgment (ECF No. 17) that is almost a cut-and-paste copy

---

[2] The Court presumes Plaintiff intends to assert that Judge McKenzie is a judge in Chester County, as that is the county in which the address Plaintiff provided in the complaint is located, though the Complaint indicates the address is in Henderson County.  Regardless, the Court takes judicial notice that Judge McKenzie sits in Chester County.
[3] It is unclear which Defendant Plaintiff refers to here.
[4] Plaintiff seems to have attempted to serve Burchyett via mail (ECF No. 14 ¶ 1).  Given that summons was never issued, it is unclear what exactly Plaintiff mailed him.

of the Motion for Entry of Default. Defendant McKenzie has also filed a Motion to Dismiss for Failure to State a Claim (ECF No. 13).

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient facts to "state a claim to relief that is plausible on its face," meaning it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The complaint need not set forth "detailed factual allegations," but it must include more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement." *Id.* at 555.

Federal Rule of Civil Procedure 12(b)(6) allows the Court, upon motion by a defendant or *sua sponte*, to dismiss a complaint for failure to comply with the requirements of Rule 8(a)(2). Fed. R. Civ. P. 12(b)(6). When considering a 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d 641, 647 (6th Cir. 2015) (internal citation omitted).

When a Magistrate Judge issues a determination on a dispositive motion, if a party objects within the allotted time to the determination, the Court must review the portions of the determination to which proper objections are made *de novo* and may accept, reject, or modify the determination, receive further evidence, or return the matter to the Magistrate Judge. Fed. R. Civ. P. 72(b)(3). Parties must file specific objections; "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

## ANALYSIS

The Magistrate Judge determined that Defendant McKenzie has judicial immunity from Plaintiff's § 1983 claims and that Defendant Burchyett has prosecutorial immunity from those claims.  The Magistrate Judge further determined that after dismissal of the § 1983 claims, the Court does not have subject matter jurisdiction over the remaining state-law claims.  Plaintiff filed a number of repetitive objections to these findings which can be boiled down to four assertions: that the Magistrate Judge should have applied the *Conley v. Gibson* "no set of facts" pleading standard, that the Magistrate Judge failed to draw reasonable inferences in his favor as required by Federal Rule of Civil Procedure 12(b)(6), and that the Magistrate Judge erred in finding that Plaintiff's § 1983 claims are barred by judicial and prosecutorial immunity because exceptions to those immunities apply.  For the following reasons, the Court finds Plaintiff's objections meritless.

### I.     The Magistrate Judge correctly applied Rule 12(b)(6).

Plaintiff makes two objections pertaining to Rule 12(b)(6): that the Magistrate Judge should have applied the "no set of facts" pleading standard (Pl.'s Objections to Report and Recommendations ¶ 37), and that the Magistrate Judge failed to draw all reasonable inferences in his favor (Pl.'s Objections to Report and Recommendations ¶ 29).  Neither objection is persuasive.

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court held that the "no set of facts" pleading standard is "best forgotten as an incomplete, negative gloss on an accepted pleading standard" and replaced it with the current plausibility standard, under which a plaintiff must plead facts which, if true, would show entitlement to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 570 (2007).   Plaintiff acknowledges this, (Pl.'s Objections to Report and Recommendations ¶ 10) yet asserts that the Magistrate Judge should have applied that standard

4

anyway. Plaintiff's claim that the Magistrate Judge should have applied the "no set of facts" standard is therefore baseless.

Plaintiff seems to misunderstand the requirement that a court draw all reasonable inferences in favor of the nonmoving party when deciding a 12(b)(6) motion. He asserts that the Magistrate Judge's findings that prosecutorial and judicial immunity apply constitute a failure to do so (Pl.'s Objections to Report and Recommendations ¶ 29). A court is only required to draw factual inferences in favor of plaintiffs, not legal determinations. *See id.* Were courts required to apply the law in a plaintiff's favor at the motion to dismiss stage, the purpose of such a motion would be defeated.

**II.     Defendant McKenzie is immune from Plaintiff's § 1983 claims.**

Plaintiff's next objection is that the Magistrate Judge erred in holding that judicial immunity bars his § 1983 claims against Defendant McKenzie, specifically because he alleges that McKenzie acted outside his judicial capacity by engaging in *ex parte* communications and taking action against Plaintiff outside of court proceedings (Pl's Objection to Report and Recommendations ¶ 3) and that McKenzie clearly exceeded his court's subject matter jurisdiction by doing so (Pl.'s Objections to Report and Recommendations ¶ 20). The Court finds his objections unmeritorious.

"[G]enerally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991). Judicial immunity may be overcome in only two circumstances: (1) when a judge performs nonjudicial actions, meaning actions not taken in the judge's judicial capacity, and (2) when a judge's actions are "taken in the complete absence of all jurisdiction." *Id.* at 11-12.

Plaintiff's assertion that McKenzie acted outside his judicial capacity is unpersuasive. His Complaint states that McKenzie "went along with" Burchyett's allegedly false statement while he

presided over a juvenile court hearing. Presiding over a court hearing is a paradigmatic example of action taken in a judicial capacity. Though Plaintiff argues that Defendants took some "action outside of the Courtroom against Plaintiff including but not limited to holding Ex Parte conversations and having actions taken and modifications entered in without the Plaintiff's participation or opportunity to defend the same," (Pl.'s Objections to Report and Recommendations) the Court cannot find any such allegation in his Complaint, and it is thus not entitled to an assumption of truth. Nonetheless, to the extent Plaintiff intends to assert that the juvenile court proceeding was an unlawful *ex parte* proceeding because he was not notified of it and therefore was not present, *ex parte* communications made as part of a judge's attempt to resolve the case before him are protected by judicial immunity. *Alexander v. Rosen*, 804 F.3d 1203, 1208 (6th Cir. 2015).

Plaintiff seems to misunderstand the exception where a judge's actions are "taken in the complete absence of all jurisdiction." This exception applies where "the matter upon which [the judge] acts is clearly outside the subject matter of the court over which he presides." *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997). For example, if a probate judge assumed authority over a criminal case, his act would be in the absence of all jurisdiction because the judge was not vested with authority to preside over criminal matters. *Cunningham v. Dep't of Children's Servs.*, 842 F. App'x 959, 964-65 (6th Cir. 2021). Plaintiff makes no such assertion. He does not assert, for example, that Judge McKenzie's jurisdiction is confined to probate matters, yet he presided over a juvenile court hearing. He asserts that this exception applies based on his allegation that McKenzie engaged in *ex parte* conversations, but again, this does not deprive McKenzie of judicial immunity. *Alexander*, 804 F.3d at 1208.

6

Judicial immunity exists precisely because of cases like this, "most of them frivolous but vexatious," which would discourage judges from being independent and impartial adjudicators. *Forrester v. White*, 484 U.S. 219, 226-27 (1988). The proper avenue for correcting judicial mistakes or wrongs is ordinary appellate review, not asking a federal court to enjoin ongoing state judicial proceedings. *See id.*

### III.     Defendant Burchyett is immune from Plaintiff's § 1983 claims.

Plaintiff finally asserts that the Magistrate Judge erred in finding Burchyett has prosecutorial immunity because the exception for a prosecutor acting in the role of an administrator or investigative officer applies. The Court disagrees.

A "prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Prosecutorial duties encompass bringing civil actions as well as criminal ones. *Red Zone 12 LLC v. City of Columbus*, 758 F. App'x 508, 513 (6th Cir. 2019). "In determining whether an official is entitled to prosecutorial immunity, this court employs a 'functional approach' and looks to the 'nature of the function performed, not the identity of the actor who performed it.'" *Id.* (quoting *Cooper v. Parrish*, 203 F.3d 997, 944 (6th Cir. 2000)). "When performing functions that are 'intimately associated with the judicial phase of the criminal process,' prosecutors are absolutely immune from civil suits." *Id.* (quoting *Imbler*, 424 U.S. at 430). "On the other hand, functions which are 'investigative' or 'administrative' are more removed from the judicial process, and therefore the prosecutor would only be protected by qualified immunity." *Id.* (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)). "'The analytical key to prosecutorial immunity' is 'whether the actions in question are those of an advocate.'" *Id.* at 514 (quoting *Holloway v. Brush*, 220 F.3d

767, 775 (6th Cir. 2000)). "Whether the prosecutor has an improper motive, acts in bad faith, or even acts in an unquestionably illegal manner is irrelevant." *Id.*

Plaintiff alleges in his Complaint that Burchyett brought a juvenile court proceeding against him and intentionally made a false representation in this proceeding that he had not paid child support. This is a classic example of "the actions . . . of an advocate," rather than those of an administrator or investigative officer. The statement at issue was made in court during a judicial proceeding, during which Burchyett acted as an advocate for the State. Though Plaintiff argues that Defendants took some "action outside of the Courtroom against the Plaintiff including but not limited to holding Ex Parte conversations and having actions taken and modifications entered in without the Plaintiff's participation of opportunity to defend the same," (Pl.'s Objections to Report and Recommendations ¶ 20) the Court again notes this allegation is not in his Complaint. And to the extent he intends to assert that the juvenile court proceeding was an unlawful *ex parte* proceeding because he was not notified of it and therefore was not present, such conduct at the proceeding would still be "the actions . . . of an advocate" and Burchyett would be entitled to prosecutorial immunity against claims arising from such an allegation. Finally, to the extent Plaintiff argues this statement was made in bad faith, that argument is irrelevant to the determination of whether prosecutorial immunity applies.

Prosecutorial immunity arises from a similar concern as that undergirding judicial immunity—a "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Red Zone 12 LLC*, 758 F. App'x at 513. This litigation is just that kind of "unfounded litigation." As is the

case with his claim of judicial misconduct, the proper avenue for Plaintiff's claim of prosecutorial conduct is ordinary appellate review.

### IV. An appeal *in forma pauperis* would not be taken in good faith.

Finally, the Court must consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status. Fed. R. App. P. 24(a)(1). A party who was permitted to proceed *in forma pauperis* in an action at the district court level may proceed on appeal *in forma pauperis* without further authorization, unless the district court certifies that the appeal is not taken in good faith. Fed. R. App. P. 24(a)(3). An appeal is not taken in good faith if the litigant seeks appellate review of any issue that is objectively frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is **CERTIFIED** pursuant to Fed. R. App. P. 24(a) that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is therefore **DENIED**. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report and Recommendation is **ADOPTED,** and Plaintiff's Complaint is **DISMISSED** without prejudice. All pending motions in this matter are hereby **DENIED** as moot.

  **IT IS SO ORDERED.**

           **s/ S. Thomas Anderson**
           S. THOMAS ANDERSON
           CHIEF UNITED STATES DISTRICT JUDGE

           Date: October 28, 2022.