IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JONATHAN JOY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 1:21-cv-01190-STA-jay |
| | ) |
| TYLER BURCHYETT and LARRY MCKENZIE, | ) |
| | ) |
|     Defendant. | ) |

**ORDER DENYING PLAINTIFF'S PETITION FOR RECONSIDERATION**

Before the Court is Plaintiff Jonathan Joy's Petition for Reconsideration (ECF No. 26) filed on November 7, 2022.[1] Plaintiff's Motion is baseless and therefore **DENIED**.

On November 11, 2021, Plaintiff filed this suit, alleging Defendant Burchyett violated his constitutional rights by alleging in a court hearing that Plaintiff failed to pay child support and that Defendant McKenzie "went along with it," with a few state-law claims thrown in for good measure. On October 28, 2022, this Court adopted the Magistrate Judge's Report and Recommendations that the Court dismiss Plaintiff's Complaint because Defendants are protected from Plaintiff's federal claims by judicial and prosecutorial immunity, and the Court then does not have subject matter jurisdiction over the remaining state-law claims.

---

[1] Plaintiff styles his Motion as a "Petition for Reconsideration" and cites various Federal Rules of Civil Procedure to support his Motion, including Rule 59(e). The Court construes his Motion as a Motion to Alter or Amend a Judgment under Rule 59(e). Plaintiff also requests leave to amend his complaint.

1

"A Rule 59 motion should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Michigan Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017).

Plaintiff seems to claim the Court made a clear error of law by failing to consider *Ex Parte Young*, which Plaintiff asserts permits his federal claims to move forward. The proper time for Plaintiff to raise this issue would have been in his objections to the Magistrate Judge's Report and Recommendations, but Plaintiff failed to do so. The Court will not consider new legal arguments made after the deadline for objections has passed and judgment has been entered.[2]

Plaintiff also offers "newly discovered evidence" that "the Defendants engaged in the unequal act of acting extrajudicially against the Plaintiff when it was alleged that the Plaintiff missed a child support payment and the Defendant Burchyett went out of his way to make a phone call to Defendant McKenzie to initiate immediate proceedings against the Plaintiff by issuing a bench warrant." But for evidence to be "newly discovered" such that a judgment should be altered, the evidence must have been unavailable at the decision being challenged, meaning it could not have been discovered through the exercise of reasonable diligence. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citing *Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)). Plaintiff does not claim this phone call occurred following the Court's entry of its Order Adopting the Magistrate Judge's Report and Recommendations on October 28, 2022; he claims it occurred "since the onset of this litigation"

---

[2] Even were the Court to consider the issue, it is Plaintiff who makes an error of law; *Ex Parte Young* provides an exception to sovereign immunity, not judicial or prosecutorial immunity. *See Va. Off. for Prot. and Advoc. v. Stewart*, 563 U.S. 247, 253-55 (2011).

(Pl.'s Pet. for Recons. ¶ 20), and his Complaint was filed in November of 2021.  In short, Plaintiff fails to adequately argue this evidence is "newly discovered."[3]

To the extent Plaintiff requests leave to amend his Complaint, the Court declines to give it. Fed. R. Civ. P. 15(a) states that "leave [to amend a complaint] shall be freely given when justice so requires."  Denial is appropriate where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."  *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005) (internal citation omitted).  Amendment of Plaintiff's Complaint to include the aforementioned facts would be futile and in bad faith for the reasons explained above.

The Court reiterates what it said in its Order Adopting the Magistrate Judge's Report and Recommendations—judicial and prosecutorial immunity arise from concerns about harassment by unfounded litigation designed to distract judges and prosecutors from fulfilling their public duties. This is that sort of case.  If Plaintiff wishes to further litigate Defendants' alleged misconduct, the appropriate avenue for doing so is the state court system.  The judgment in this case is final.  The Motion is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE
Date: November 8, 2022

---

[3] Even were the Court to consider this "newly discovered evidenced," it is immaterial.  The Court refers Plaintiff to the portion of its Order Adopting the Magistrate Judge's Report and Recommendations explaining that *ex parte* communications do not deprive Defendants of immunity (ECF No. 24 pp. 6, 8).